IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ERICK B. COLEMAN**                                                                                  **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:25-cv-663-KHJ-MTP**

**THE STATE OF MISSISSIPPI, ET AL.**                                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] and on Plaintiff's failure to comply with the Court's Order [4].[1]  On August 29, 2025, Plaintiff filed his IFP Application [2], and on September 11, 2025, the Court found that the Application requires clarification. *See* Order [4].

In the Application, Plaintiff asserts that he has no income; lists no assets[2] other than two vehicles, which "do not work;" and lists no expenses other than an unidentified $9.00 monthly expense.[3]  Plaintiff notes that he has a disability, but does not list any government benefits or otherwise identify the sources of his daily needs, such as food and shelter.  Much of the application was not completed with many sections left blank.

Plaintiff also submitted an "AFFIDAVIT that ALL ACCOUNTS are PREPAID," which vaguely discusses various topics such as currency, the public debt, tax exemptions, and government obligations. *See* [2-1].  The "affidavit" sheds no light on Plaintiff's financial status,

---

[1] Plaintiff apparently attempts to remove this action from the Justice Court of Leake County, Mississippi.  The justice court matter appears to relate to what Plaintiff's refers to as an arrest for "traveling." *See* [1] at 3, ¶ 12.

[2] Plaintiff left blank the question regarding how much cash he possesses.

[3] As a description for this $9.00 monthly expense, Plaintiff provides "N/A."

referring to the congressional record, taxation issues, the public debt, and various federal statutes. Plaintiff purportedly signed both the "affidavit" and Application "without prejudice."

In the "affidavit," Plaintiff further declares his "willingness to offset public debt by accepting and returning for value, my private debts that created new currency into circulation and indebted the government thereby." *See* [2-1] at 3. The acknowledgment before a notary public indicates that Plaintiff appeared as "the living soul, residing in the natural person, presenting government-issued identification." *Id*.

While the language Plaintiff uses is interesting, it does little to help the Court resolve his IFP application. Thus, the Court ordered Plaintiff to file a completed long form IFP application and clarify, in writing, the means supporting his existence, including his shelter, food, and other needs, on or before September 25, 2025. *See* Order [4]. The Court warned Plaintiff that his failure to submit a completed IFP application and provide additional information may result in the denial of his Motion for Leave to Proceed *in forma pauperis* [2].

To date, Plaintiff has failed to submit a completed IFP application, or otherwise provide additional financial information. Without additional information, Plaintiff's financial status cannot be fairly evaluated and considered.

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [2] be DENIED,

2. Plaintiff be given fourteen (14) days to pay all of the cost associated with the filing of this lawsuit, and

3. Should Plaintiff fail to pay all of the costs associated with the filing of this lawsuit, this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 29th day of September, 2025.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE