IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ERICK B. COLEMAN**                                                                           **PLAINTIFF**

**v.**                            **CIVIL ACTION NO. 3:25-cv-663-KHJ-MTP**

**THE STATE OF MISSISSIPPI, ET AL.**                                  **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether this removed action should be remanded. Having considered the record and applicable law, the undersigned recommends that this action be remanded to the Leake County Justice Court.

## BACKGROUND

On May 24, 2025, a deputy with the Leake County Sheriff's Department arrested Erick Coleman and charged him with disorderly conduct and operating a vehicle without a driver's license. [3-2] at 2. On July 7, 2025, Coleman appeared before a Leake County Justice Court Judge and entered into a plea agreement. [1] at 2.

Coleman now seeks to remove his state-court criminal action to this Court. *Id*. at 1. He argues that removal of the criminal action is proper under Article III, Section 2 of the United States Constitution and 28 U.S.C. §§ 1331, 1443(1), and 1446(d). *Id*.

According to Coleman, he seeks removal because the justice court judge refused to recite his oath of office, failed to produce a statement under the Foreign Agents Registration Act, and forced Coleman through "threat, duress, and coercion" to enter into the plea agreement. *Id*. at 2-4. He also asserts that the charges against him violate his right to travel. *Id*. at 3. He seeks to have all criminal charges against him vacated. *Id*. at 5.

## DISCUSSION

"Federal court are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Likewise, a party's ability to remove his case from state court to federal court is limited. 28 U.S.C. § 1441 allows a party to remove a *civil* action if the federal court has original jurisdiction over the action. Other statutes permit removal of state criminal actions, but only in more limited circumstances. Those limited circumstances are provided in 28 U.S.C. §§ 1442, 1442a, and 1443 and include criminal cases brought against "(1) officers, agencies, or agents of the United States (§ 1442), (2) members of the armed forces (§ 1442a), or (3) defendants when a state court refuses (or is unable) to enforce their federal (race-based) civil rights (§ 1443)." *State v. Renteria*, 2023 WL 7894004, at *4 (W.D. Tex. Oct. 31, 2023).

Whenever a state criminal action is removed, the Court must "examine the notice promptly[, and] [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Coleman has the burden of establishing his right to removal. *State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982). And, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

As previously mentioned, Coleman attempts to remove his state prosecution under Article III, Section 2 of the United States Constitution and 28 U.S.C. §§ 1331, 1443(1), 1446(d).

Starting with the Constitution, Article III, Section 2 states:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State,—between Citizens of different States,—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

Neither this section nor any other section of the Constitution addresses removal jurisdiction. "The right to remove is purely statutory." *Smith v. Union Nat. Life Ins. Co.*, 187 F. Supp. 2d 635, 639-40 (S.D. Miss. 2001); *see also Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) ("A defendant's right to remove an action against it from state to federal court 'is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress.'") (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3721, pp. 285-86 (3d ed.1998)). Accordingly, Article III, Section 2 does not allow Coleman to remove his criminal case.

Turning to federal statutes, Coleman cites 28 U.S.C. § 1331 as authority for removal of his criminal case. Section 1331, "the federal question statute, provides that the federal district courts have jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Mississippi v. Arnold*, 2019 WL 3381771, at *1 (N.D. Miss. July 26, 2019) (quoting 28 U.S.C. § 1331). "By its terms, § 1331 does not grant jurisdiction over criminal

3

cases." *Id.* Section 1331, therefore, does not grant this Court jurisdiction over Coleman's criminal case.

Coleman also cites 28 U.S.C. § 1446(d), but this statute codifies the procedure for removal of civil action. It does not support removal of this criminal case.

Finally, Coleman cites 28 U.S.C. § 1443(1).[1] Under § 1443(1), Coleman can remove his criminal case if he "is denied or cannot enforce in the courts of [Mississippi] a right under any law providing for the equal rights of citizens of the United States." 28 U.S.C. § 1443(1). The phrase "any law providing for the equal civil rights" means "any law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).

To remove a case under § 1443(1), the removal petition must satisfy a two-pronged test: (1) "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "the removal petitioner is denied or cannot enforce the specified federal rights" in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

As to the first prong, Coleman's alleges in his Notice of Removal [1] that the charges against him violate his right to travel and the justice court judge refused to recite his oath of office, failed to produce a statement under the Foreign Agents Registration Act, and forced Coleman through "threat, duress, and coercion" to enter into the plea agreement. [1] at 2-4. These allegations "have nothing to do with racial equality," and do not satisfy the first prong required for removal under § 1443(1). *Varney v. Georgia*, 446 F.2d 1368, 1369 (5th Cir. 1971).

---

[1] Removal under §§ 1442 and 1442a, which Coleman does not cite, is clearly inapplicable as Coleman does not allege he is an officer of the United States or a member of the armed forces.

4

In other documents filed by Coleman, he alludes to racial equality. On September 2, 2025, a few days after filing his Notice of Removal [1], Coleman filed 133 pages of documents. Among the many statements found in these documents, Coleman states: "In which he is bias and racial profiling for forced involuntary slavery." [3] at 2. He also states (without context): "Racial Profiling." [3-1] at 5. Finally, he states: "I came to Leake County sheriff's office just to get a copy arrest report and, original ticket, I was told No by a bias officer, behind the desk and was racial profiled and harassed by and threatened to keep saying I was a traveler by a racist officer . . . ." [3-2] at 12.

Courts have held that conclusory allegations are insufficient to demonstrate that an individual was deprived a constitutional right on the basis of race as required by § 1443(1). *See, e.g.*, *Tuter v. Tuter*, 2025 WL 2600011, at *6 (E.D. Tex. Aug. 21, 2025); *Texas v. Jackson*, 2022 WL 2712584, at *3 (E.D. Tex. Feb. 2, 2022); *Davis v. Texas*, 2021 WL 3410330, at *2 (N.D. Tex. July 16, 2021). However, even if the Court were to find that Coleman's allegations meet § 1443(1)'s first prong, he has failed to show that the state courts cannot or will not enforce his specified civil rights.

"It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court," because that does not show that the defendant "will be denied or cannot enforce in the courts of the State any right under a federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-28 (1966). Instead, § 1443(1) applies only "where it can be clearly predicated"

5

that because of a pervasive or explicit state law, "that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id*. at 828.

Mississippi courts are presumed able to enforce federal rights and "share concurrent subject matter jurisdiction with federal courts in the enforcement of federally created rights." *Black v. North Panola School Dist.*, 461 F.3d 584, 594 (5th Cir. 2006). Coleman has failed to show that his rights will not be enforced in state court.

Because Coleman has failed to demonstrate that his prosecution is removable under any statute, this Court lacks jurisdiction and should remand this case.

## RECOMMENDATION

As Coleman's removal of this criminal action was improper, the undersigned recommends that this matter be remanded *sua sponte* to the Leake County Justice Court.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court*. Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 17th day of December, 2025.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge