UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERICK B. COLEMAN                                                                                      PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:25-CV-663-KHJ-MTP

THE STATE OF MISSISSIPPI, et al.                                                          DEFENDANTS

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [13] Report and Recommendation. The [13] Report recommends remanding this case to the Leake County Justice Court. R. & R. [13] at 1. The Court adopts the [13] Report in its entirety.

Pro se plaintiff Erick B. Coleman ("Coleman") alleges he pled guilty in the Leake County Justice Court to charges of disorderly conduct and operating a vehicle without a driver's license. *See* Notice of Removal [1] at 2; Pl.'s Supporting Removal Docs. [3-2] at 4. He removed his criminal case to this Court, chiefly claiming that the justice court judge forced him into the plea agreement under "threat, duress, and coercion." [1] at 2. Coleman says this Court has jurisdiction under Article III, Section 2 of the United States Constitution and 28 U.S.C. §§ 1331, 1443(1), and 1446(d). *Id.* at 1.

The [13] Report recommends remanding Coleman's case to state court because neither Article III, Section 2 of the United States Constitution, nor any of

the federal statutes Coleman cites support this Court's jurisdiction over Coleman's case. [13] at 2–4.

Magistrate Judge Parker issued the [13] Report on December 17, 2025, and the Clerk of Court served a copy on Coleman by mail the same day. [13] at 1. The [13] Report notified Coleman that failure to file written objections within 14 days would bar further appeal in accordance with 28 U.S.C. § 636. [13] at 6. Coleman did not object to the [13] Report, and the time to do so has passed.[1]

When no party objects to a magistrate judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse of discretion, and contrary to law standards of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Finding the [13] Report neither clearly erroneous, an abuse of discretion, nor contrary to law, the Court ADOPTS the [13] Report as its opinion and REMANDS this action to the Leake County Justice Court. In doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 6th day of January, 2026.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[1] A party proceeding pro se who is served with the report and recommendation by mail has 3 additional days added to the 14-day period, meaning that party has 17 days from the date the report and recommendation was mailed to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). Under these rules, Coleman's objections were due no later than January 5, 2026.